*Randle & Tyler, for appellant.*

---

## W. A. HOWARD *v.* SOL McCOLLAM.

**Lands and Conveyances—Deeds.**

    A deed of conveyance, containing an individed one-seventh part of a tract of and, of which the vendor was heir, and supposed to contain 165 acres, will not be set aside, though upon the allottment, only 145 acres was found to be the vendors portion.

**Same—Equity.**

    A court of equity will not rescind such a deed upon the ground of misrepresentation, holding that the "one-seventh," was all that was conveyed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 8, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

On the 4th of November, 1865, the appellant and his wife, in

consideration of a house and lot in the city of Louisville, and of $500 in money, $300 of which was then paid, conveyed to the appellee by deed of general warranty, her title as heir of her father to one undivided seventh part of a tract of land in Union county, Kentucky. Covenanted to procure a partition allotting her portion by definite boundaries and then to make a supplemental deed conveying that allotment in severalty supposed to contain 165 acres.·

And, *on the 16th of December, 1865,* the appellee brought this suit in equity seeking a rescission of that contract, on the alleged ground of want of title to the Union land, and of the appellant's insolvency.

The appellant denied the alleged insolvency, exhibited proof of partition allotting to his wife her seventh, containing 145 acres, and tendered another deed by himself and wife for the 145 acres so allotted to her.

The appellant exhibited a long concatenation of documentary title from the Commonwealth down to his wife's father, with only two questionable links apparently perfected by the lapse of sixty years without any disturbance of possession, or question as to the derivative title. And the appellee neither specifies any defect of title nor alleges any apprehension of eviction, or of danger of disturbance, nor attempts to prove the imputed insolvency.

The contract was executed so far as to pass to·the appellee the title of the appellant and wife to her one-seventh, and without pretense of insolvency affecting the legal remedy on the warranty, or of fraud or misrepresentation. Equity cannot rescind the contract or anticipate eviction. The fact that Mrs. Howard's interest, when separately allotted and defined, was less in quantity of acres than estimated without regard to quality and value, is no ground of complaint, it is one-seventh in value, and that is what was contemplated by the contract.

It seems to us, therefore, that the appellee was premature in his action, that he ought to have accepted the supplemental con-·veyance as tendered, and consequently that the chancellor erred in decreeing a rescission of the contract.

Wherefore, the judgment is reversed and the cause remanded for further proceedings consitsent with the foregoing opinion.

*Marshall, for appellant.*

*Stirman, for appellee.*